IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 1 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

JAMES WILLIAM LANE,            §
                               §
          Petitioner,          §
                               §
v.                             §      No. 4:12-CV-523-A
                               §
RICK THALER, Director,         §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
          Respondent.          §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, James William Lane, a state prisoner currently incarcerated in Livingston, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

### I.  FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 30-year sentence on his 1995 conviction for aggravated robbery causing bodily injury to an elderly person in the Criminal District Court Number Four of

Tarrant County, Texas.  Petitioner has previously sought federal postconviction habeas relief challenging the same conviction. *See Lane v. Johnson*, Civil Action No. 4:00-CV-596-A.  The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas action.

## II.  SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met.  28 U.S.C. § 2244(b)(1)-(2).  A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Petitioner raises four grounds in the instant petition, which were or could have been raised in his prior federal petition. Thus, this petition is successive on its face.  Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals.  Thus, this court is without jurisdiction to consider the petition.  *In re*

*Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS respondent's motion to dismiss be, and is hereby, granted, and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED October _____, 2012.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

3